## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES, | | Civil No. 11-150 (JRT/JSM) |
| | Plaintiff, | |
| v. | | **MEMORANDUM AND ORDER** |
| | | **DENYING DEFENDANT'S** |
| DENNIS GALE CHASE, | | **MOTION TO DISMISS** |
| | Defendant. | |

Kimberly A Svendsen and Laura M Provinzino, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Julius A. Nolen, **NOLEN LAW OFFICE**, 333 Washington Avenue, Suite 300, Minneapolis, MN 55401, for defendant.

On May 2, 2011, Dennis Gale Chase was first indicted on one count of receiving child pornography and two counts of possessing child pornography. (Docket No. 5.) He is set to begin trial on these and other counts on December 20, 2011. (Am. Trial Notice, Dec. 6, 2011, Docket No. 75.) On December 14, Chase filed a motion claiming that he was denied his right to a speedy trial and requesting an order dismissing the indictment. (Docket No. 76.) Specifically, Chase claims that his right to a trial within seventy days under the Speedy Trial Act was violated. (*Id.*) Because only twenty-eight days of non-excludable time have accrued since the filing of the original indictment, the Court will deny Chase's motion and will not dismiss the indictment.

**ANALYSIS**

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment, whichever comes later.  18 U.S.C. § 3161(c)(1).  Certain days, however, may be excluded from the seventy-day calculation.  *United States v. El-Alamin*, 574 F.3d 915, 922 (8th Cir. 2009).  After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion.  *United States v. Yerkes*, 345 F.3d 558, 561 (8th Cir. 2003); 18 U.S.C. § 3162(a)(2).  The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3).  18 U.S.C. § 3162(a)(2).

One instance when the clock is tolled is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  *El-Alamin*, 574 F.3d at 922-23; *see also* 18 U.S.C. § 3161(h)(1)(D).  "Both the date on which the motion was filed and the date on which the motion was decided are excluded under subparagraph (D)."  *United States v. Bloate*, 655 F.3d 750, 753 n.3 (8th Cir. 2011) (internal quotation marks and citation omitted).  The clock is also tolled for delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.  18 U.S.C. § 3161(h)(1)(H).

The original indictment against Chase was filed on May 2, 2011.  (Docket No. 5.) Chase made his initial appearance before the Magistrate Judge on May 4, 2011, beginning the speedy trial clock.  *See* 18 U.S.C. § 3161(c)(1).  The United States filed a motion for Chase's detention on that same day, (Docket No. 6), which stopped the clock

pending a hearing on that motion.  *See* 18 U.S.C. § 3161(h)(1)(D).  On May 6, 2011, the

Magistrate Judge granted the motion for detention at Chase's arraignment and detention

hearing.  (Docket No. 10.)  The first two days of non-excludable time under the Speedy

Trial clock were thus May 7, 2011, the day after the motion was decided, and May 8,

2011.  *See* 18 U.S.C. § 3161(h)(1)(D).  The clock was then tolled, for reasons explained

below, from May 9 until October 28.

On May 9, 2011, the United States filed a motion for discovery, which began

tolling the clock, and Chase filed motions soon thereafter.  (*See* Docket No. 11, 17, 19,

24-26); 18 U.S.C. § 3161(h)(1)(D).  On June 1, 2011, Chase filed a motion to continue

the hearing on these motions stating that "counsel will be out of the office on June 7,

2011 [the date of the hearing] and counsel needs additional time to investigate the case

and prepare for the motions hearing."  (Docket No. 29.)  Chase noted that, pursuant to 18

U.S.C. § 3161(h)(1), the period of continuance should be excluded time under the Speedy

Trial Act.  (*Id.*)  On June 3, 2011, the Magistrate Judge granted Chase's request for a

continuance[1] and ordered that, because of the continuance, the time between July 11,

2011 and September 6, 2011 was excluded from the Speedy Trial Act computation.[2]

(Docket No. 31.)   *See* 18 U.S.C. § 3161(h)(7)(A) ("Any period of delay resulting from a

---

[1] The Magistrate Judge also rescheduled the motions hearing for July 18, 2011 and set a trial date of September 6, 2011.  (Docket No. 31.)

[2] Part of this time was also excluded for other reasons.  The time period between May 9, when the United States filed its motion, and the hearing on July 18 was excluded because of pending motions.  (Docket Nos. 32-33); *see* 18 U.S.C. § 3161(h)(1)(D).  After the hearing on July 18, the clock continued to be tolled for thirty days while motions remained under consideration.  *See* 18 U.S.C. § 3161(h)(1)(H).

continuance granted by any judge [is excluded from the Speedy Trial clock] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").  .In excluding this time, the Magistrate Judge found that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial.  (Docket No. 31.)    The Court finds that excluding this time from the Speedy Trial clock was reasonable and in the interests of justice because of Chase's motion to allow counsel additional time to investigate the case and prepare for the motions hearing.  Thus, the clock was tolled from May 9 until September 6, and there remained only two non-excludable days.

On September 6, the clock remained tolled because of the filing of an objection to a report and recommendation ("R&R") issued by the Magistrate Judge.  (*See* Docket No. 37.)  On September 9, 2011, the United States responded to Chase's objection and, at that point, motions were deemed under consideration by this Court.  (*See* Docket No. 38.)  The clock remained tolled for thirty days, until October 10, 2011, while these motions were under consideration, *see* 18 U.S.C. § 3161(h)(1)(H), and the Court issued an order adopting the R&R on October 18, 2011 (Docket No. 45).

On October 4, 2011, while the clock was still tolled by Chase's objections to the R&R, a Superseding Indictment was filed  (Docket No. 42.)  Chase was arraigned on the Superseding Indictment on October 28, 2011.  (Docket No. 52.)  The Court finds that the period between October 4 and October 28 was a reasonable delay and excludable pursuant to 18 U.S.C. § 3161(h)(5).  *See United States v. Van Someren*, 118 F.3d 1214, 1219 (8th Cir. 1997) (holding that the time between the filing of the Superseding

Indictment and the defendant's arraignment on the Superseding Indictment is excludable pursuant to the Speedy Rights Act).[3]  On October 28, then, there remained only two non-excludable days.[4]

Following October 28, 2011, the date of Chase's arraignment, twenty-four non-excludable days elapsed before November 22, 2011.  This brought the total non-excludable days to twenty-six.

On November 22, the clock stopped again upon the filing of a motion for a non-jury trial.  (*See* Docket No. 57); 18 U.S.C. § 3161(h)(1)(D).  The Court issued an order denying this motion on November 29, 2011.  (*See* Docket No. 64.); 18 U.S.C. § 3161(h)(1)(H).  On November 30, 2011, the government filed a motion to correct and narrow the Superseding Indictment.  (Docket No. 65.)  The clock tolled again because of this motion until the Court issued an order granting it on December 1, 2011.  (*See* Docket No. 69); 18 U.S.C. § 3161(h)(1)(D), (H).  Two days of non-excludable time elapsed after the order on December 1, bringing the total non-excludable days to twenty-eight.

---

[3]  *See* 18 U.S.C. § 3161(h)(5) ("If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is excludable]."). The superseding indictment filed against Chase had the same effect as dismissing the original indictment and filing a new indictment. *See Van Someren*, 118 F.3d at 1219.

[4]  The clock was also tolled because Chase filed additional pretrial motions on October 18, 2011.  (Docket Nos. 46-48.)  "'[E]very motion filed by a defendant, whether or not it is frivolous . . . , tolls the speedy trial clock.'"  *El-Alamin*, 574 F.3d at 923; (quoting *United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009)); *See also United States v. Tinklenberg*, 131 S. Ct. 2007, 2012 (2011) (holding 18 § 3161(h)(1)(D) "stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins").  The time period from October 18 to October 28, when the motions were decided (Docket No. 54), is excludable regardless of whether the motions were "nonsubstantive." *See id.*; 18 U.S.C. §§ 3161(h)(1)(D).

The clock tolled again because of a motion in limine filed on December 4, 2011, followed by additional motions in limine filed on December 5, 2011. (*See* Docket Nos. 72-74); 18 U.S.C. § 3161(h)(1)(D). These motions are still under advisement, so the time between December 4, 2011 and the present is excludable. *See Bloate*, 655 F.3d at 753 ("The time while a motion in limine is pending is excludable under the Speedy Trial Act."); 18 U.S.C. § 3161(h)(1)(D).

A total of twenty-eight days of non-excludable time have thus elapsed since Chase was indicted: (1) two days (May 7 and May 8, 2011), between Chase's original arraignment and the government's pretrial motion filing; (2) twenty-four days (October 29, 2011 through November 21, 2011), between Chase's arraignment on the Superseding Indictment and Chase's motion for a non-jury trial; and (3) two days (December 2 and December 3, 2011), between this Court's order granting the government's motion to correct and narrow the Superseding Indictment and Chase's motion in limine. The Court finds that twenty-eight days is well short of the seventy required under the Speedy Trial Act and that Chase has not been denied his right to a speedy trial. *See* 18 U.S.C. § 3161(c)(1).[5]

---

[5] The Sixth Amendment also guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. Amend. VI. Sixth Amendment challenges are reviewed separately from the Speedy Trial Act. *United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987). However, it would be "unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). Chase has alleged no constitutional violation, and the Court finds that the delay here has not crossed the line "dividing ordinary from 'presumptively prejudicial' delay" warranting further analysis of the constitutional issue. *See Doggett v. United States,* 505 U.S. 647, 651-52 (1992).

**ORDER**

Based on the foregoing, and all the records, files, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant's Motion to Dismiss on Speedy Trial [Docket No.

76] is **DENIED**.


DATED:   December 19, 2011                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                        United States District Judge