# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES, | Crim. No. 11-150 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| DENNIS GALE CHASE, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, Kimberly A. Svendsen and Laura M. Provinzino, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Dennis Gale Chase, Reg. No. 15824-041, FCI – Elkton, P.O. Box 10, Lisbon, OH 44432, *pro se* defendant.

In 2011, Plaintiff Dennis Gale Chase was tried and convicted of three counts of transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and b(1) and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). *United States v. Chase*, 717 F.3d 651, 652-53 (8th Cir. 2013), *cert denied*, 134 S. Ct. 975 (2014). The Eighth Circuit affirmed Chase's conviction and sentence on appeal in 2012. *Id.* He is currently serving a sentence of 292 months' imprisonment for his crimes. (Sentencing J. at 2, June 18, 2012, Docket No. 107.)

In January 2015, Chase filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, Jan. 12, 2015, Docket No. 138.) Chase alleged ten grounds for relief: (1) entrapment; (2) ineffective assistance of counsel; (3) due process violations resulting from

false testimony to the grand jury; (4) that the "thing of value" enhancement was applied in error; (5) violation of Chase's Fourth and Sixth Amendment rights when his counsel did not advocate for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); (6) that prosecutors and police made false statements at trial regarding Chase's uploading of images to Ning.com; (7) violation of Chase's rights under *Brady v. Maryland*, 373 U.S. 83 (1963); (8) that defense counsel was ineffective in not seeking to suppress evidence because the search warrant lacked probable cause; (9) that Chase was "innocent" of uploading child pornography to Ning.com; and (10) that defense counsel was ineffective in arguing to suppress statements Chase made to police while drinking. (Mot. to Vacate at 4-15.) In October 2015, this Court denied Chase's § 2255 Motion, finding that several of the grounds had already been raised and decided on direct appeal and that the remaining grounds were entirely unsupported by the record. *United States v. Chase*, 2015 WL 6150600, *4-*6 (D. Minn. Oct. 19. 2015). The Court denied a certificate of appealability. *Id.* at *7.

Before the Court now are two motions filed by Chase. The first is entitled "Motion Asking the Court to Allow Me Present Evidence That Should Have Been Presented at My Trial, but Wasn't" ("Evidence Motion"). (Ev. Mot., May 20, 2019, Docket No. 159.) The second is entitled "Motion Asking the Court for the Appointment by the Court of an Attorney to Represent Me" ("Motion to Appoint Counsel"). (Atty. Mot., May 20, 2019, Docket No. 160.) Chase claims that his defense counsel, Julius Nolen, was ineffective because he did not use a document from 2004 (the "Evered Report") in presenting Chase's defense at trial. (Ev. Mot. at 1.) The Evered Report described an interview between the

2

FBI and another sex offender wherein that offender named several people involved in the sexual abuse of children but did not name Chase. (*Id*.) Chase alleges that the FBI faxed the Report to a prosecutor in Chase's case, Kimberly Svendsen, days before the start of his trial, and that it was subsequently given to Nolen as part of discovery. (*Id.*) Nolen did not use the report in Chase's defense or otherwise bring it up during Chase's trial. (*Id.* at 2.) Chase discovered the report in October 2013 when reviewing his file in preparation for appeal. (*Id.* at 1.)

Chase now argues, without explanation, that if Nolen had brought the Evered Report up during his trial, "this would have resulted in the jury ultimately reaching a different verdict than it handed down." (*Id.* at 2.) Paradoxically, Chase also argues that because the Evered Report contained the names of child sex abuse victims from the investigation of individuals other than Chase, the FBI, Svendsen, and Nolen violated 18 U.S.C. § 3509 by passing it on and eventually forwarding it to Chase. (*Id.* at 2-3.) Finally, Chase argues that his counsel was ineffective because he refused "to seek out an expert witness to review the hard drives of my computers" and did not prepare Chase to testify on his own behalf at his trial. (*Id.* at 2.) Chase asks that the Court allow him to present the Evered Report "as evidence of wrongdoing by the FBI." (*Id.* at 3.) He also asks that the Court appoint an attorney to represent him. (*Id.*; Atty. Mot.)

Because the Court construes Chase's Evidence Motion as an unauthorized second or successive § 2255 motion and the motion is time barred, the Court will deny it. Because the Court may not consider Chase's Evidence Motion, the Court will deny his Motion to Appoint Counsel as moot.

## DISCUSSION

I.  **EVIDENTIARY MOTION**

   A.  **Unauthorized Second or Successive § 2255 Motion**

Before reaching the merits of Chase's claims, the Court must decide whether, as the government argues, Chase's motion asking the Court's permission to present additional evidence should be construed as a second or successive § 2255 motion. Before filing a second or successive § 2255 motion, a petitioner must seek authorization from the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3), 2255(h). If a petitioner does not obtain authorization from a court of appeals, the district court does not have jurisdiction to hear the second or successive motion and should dismiss it. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

"[I]nmates may not bypass section 2244(b)(3)'s requirement for authorization by purporting to invoke some other procedure." *United States v. Matlock*, 107 Fed. App'x 697, 698 (8th Cir. 2004). Thus, even if not explicitly brought under § 2255, a motion will be treated as a second or successive motion where the petitioner uses the motion to raise issues which he raised in his first § 2255 motion, or which he could have raised in that motion. *Id.* The Court finds that, to the extent that Chase did not raise the issues raised in the present motion in his initial § 2255 motion, he could have. Chase admits he became aware of the Evered Report in October 2013, fifteen months before he filed his initial § 2255 motion in January 2015. As such, he could have raised issues related to the Evered report in his initial § 2255 motion. The same is true of the claims that his counsel was ineffective for failing to prepare him to testify and failing to seek an expert witness.

4

Accordingly, the motion is a second or successive § 2255 motion and must be dismissed for failure to seek authorization.

B.   **Statute of Limitations**

Even if the Court had jurisdiction to hear Chase's second or successive § 2255 motion, the Court would dismiss it as untimely. Section 2255(f) establishes that § 2255 motions are subject to a one-year statute of limitations. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Chase was not prevented by a governmental action from making a motion earlier, nor has he pointed to a newly recognized right applicable to his case. To the extent Chase argues that he could not have discovered the facts upon which he bases his motion until 2019, that argument fails. Chase has had the Evered Report in his possession since October 2013. While Chase asserts that he did not read it until 2019 because he was busy with other legal matters, with due diligence, he could have discovered the facts upon which he now bases his petition as early as October 2013. Accordingly, the

5

one-year limitations period began to run on the date on which Chase's judgment of conviction became final. That date was January 17, 2014, when Chase's petition for writ of certiorari was denied. Because Chase filed the present motion more than five years later, it is untimely.

Because the Court will dismiss Chase's motion as untimely and as a second or successive § 2255 motion without authorization, it will not reach the merits of his claims.

## II. MOTION TO APPOINT COUNSEL

An indigent § 2255 petitioner is entitled to counsel only if issues raised in the motion require an evidentiary hearing. *See Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001). Here, the Court will not even consider the merits of Chase's motion because it is an unauthorized second or successive § 2255 motion and is untimely. As such, no evidentiary hearing is necessary, and the Court will deny Chase's Motion to Appoint Counsel as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion Asking the Court to Allow Me Present Evidence That Should Have Been Presented at My Trial, but Wasn't [Docket No. 159] and Motion Asking the Court for the Appointment by the Court of an Attorney to Represent Me [Docket No. 160] are **DENIED.**

DATED: August 6, 2019        _____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                              Chief Judge
                                     United States District Court