UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS GALE CHASE,<br><br>Defendant. | Criminal No. 11-150 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101; Kimberly A. Svendsen, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Dennis Gale Chase, Register Number 15824-041, FCI-Thomson, Unit A-1, P.O. Box 1002, Thomson, IL 61825, *pro se* Defendant.

Defendant Dennis Gale Chase is serving a 292-month prison sentence after he was found guilty of the crimes of possession of child pornography and transportation of child pornography.  The Court denied Chase's previous motion for compassionate release after finding he failed to demonstrate that his circumstances justified a reduction in his sentence.  Chase again requests compassionate release citing his age and numerous medical conditions and additionally alleging that his sentence is unusually long.  Because Chase fails to demonstrate that extraordinary and compelling reasons warrant reduction of his sentence, and because such a reduction would not be consistent with the 18 U.S.C.

§ 3553(a) sentencing factors and the applicable policy statements, the Court will deny Chase's Motion for Compassionate Release.

## BACKGROUND

On December 22, 2011, Chase was found guilty of three counts of possession of child pornography and three counts of transportation of child pornography. (Jury Verdict, Docket No. 88.)  The Court sentenced Chase to a 292-month[1] term of imprisonment and a 20-year term of supervised release.  (Sentencing J. at 2–3, July 18, 2012, Docket No. 107.)

Chase first moved for compassionate release on October 2, 2020, based on increased risk from COVID-19 and various medical conditions.  (1st Mot. Compassionate Release, Docket No. 171.)  The Court denied his motion, noting that he was fully inoculated against COVID-19 and had no terminal illnesses or conditions that substantially diminished his ability to provide self-care.  (Order Den. 1st Mot. Compassionate Release at 3–4, Nov. 8, 2021, Docket No. 187.)  The Court also noted that the nature of his crimes, his lack of remorse, and his continuous refusal to recognize the wrongfulness of his actions did not support a reduction in sentence.  (*Id.* at 4–5.)

Chase is now 70 years old and is serving his sentence at the Federal Correction Institution in Thomson, Illinois ("FCI Thomson").  *Inmate Locator*, Fed. Bureau of Prisons,

---

[1] Chase states that he was sentenced to a 294-month term of imprisonment, but the Court understands that to be a typographical error.

https://www.bop.gov/inmateloc (last visited Mar. 31, 2025).  His projected release date is January 27, 2032.  *Id.*

Chase now moves again for compassionate release, arguing that such release is warranted (1) because of his age and serious deterioration in physical health, and (2) because his sentence is unusually long.  (2nd Mot. Compassionate Release at 2–3, Dec. 22, 2023, Docket No. 196.)  Chase alleges that he is experiencing a "serious deterioration in physical health because of the aging process," citing congestive heart failure, atrial fibrillation, kidney disease, and legal blindness.  (*Id.*)

The Court extended the deadline for the United States to respond to Chase's motion by one day.  (Order, July 24, 2024, Docket No. 206.)  The United States timely filed its response.  (Resp. in Opp'n, July 19, 2024, Docket No. 204.)  On August 26, 2024, however, Chase asked the Court to rule on his motion because he had not received the United States' response.  (Pro Se Mot. Requesting Ruling without Gov. Resp. at 1–2, Docket No. 207.)  After Chase's motion, the United States filed its certificate of service of the response, stating that the response was mailed to Chase on August 27, 2024.  (Certificate of Service, Docket No. 208.)  Chase then filed a motion to strike or alternatively requested time to file a reply because he received the response on September 3, 2024, and the United States' failure to follow Federal Rule of Criminal Procedure 49 caused him to miss his reply deadline.  (Mot. to Strike, Sept. 3, 2024, Docket No. 209.)

**DISCUSSION**

**I.    MOTION TO STRIKE**

The Court must first address Chase's motions to rule without considering the United States' response to his motion for compassionate release or to strike the response. Federal Rule of Criminal Procedure 49(a) requires that every party serve "any written motion . . . , written notice, designation of the record on appeal, or similar paper."  While due process typically requires that "a party be given an opportunity to respond to an argument or evidence raised," in the compassionate release context, courts have found no denial of due process or prejudice when the court does not rely on the unchallenged information.  *See, e.g., United States v. DeLong*, Nos. 21-3255/3429/3509, 2022 WL 816957, at *4 (6th Cir. Jan. 24, 2022).  Here, the Court need not rely on the United States' arguments, as the record is sufficient to rule on the motion without considering the response.

Furthermore, even if the Court were to consider the United States' response in its order, numerous other courts have denied motions for compassionate release under similar circumstances, holding that an error delaying service of a response or refusing to allow a defendant to reply is harmless where it does not deprive the defendant meaningful opportunity to contest the United States' arguments.[2]  Under the Federal

---

[2] *DeLong*, 2022 WL 816957, at *4; *United States v. Lebron*, No. 20-13314, 2021 WL 5414894, at *2 (11th Cir. Nov. 19, 2021) ("[A]ny error in failing to serve Lebron with a copy of the government's response to his [motion for compassionate release] or to give him the opportunity to file a reply was harmless."); *United States v. Beasley*, No. 21-3233, 2022 WL

Rules of Criminal Procedure, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

The United States filed its response with the Court on July 19, 2024. Chase alleges that he was not served with the United States' response until after his deadline to reply has passed. The United States certified that it mailed a copy of its response to Chase on August 27, 2024. Chase filed one motion and two letters with the Court since the receiving the United States' response, none of which indicate the arguments Chase would make in his reply to the United States' response. The United States' delay in serving its response to Chase is no doubt an error that the government should have avoided. Nonetheless, Chase eventually received the United States' response but never indicated in his other filings how he would reply if given the opportunity. The Court need not consider the United States' response to appropriately consider Chase's compassionate release motion, but in any event, the United States' error was harmless. Chase's motions to rule without considering or striking the United States' response are thus denied.

I.     **MOTION FOR COMPASSIONATE RELEASE**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

---

612505, at *2 (10th Cir. Mar. 2, 2022) (finding no prejudicial error where defendant claimed never to receive United States' response brief); *United States v. De Leon*, No. 20-14566, 2021 WL 3478372, at *1 n.1 (11th Cir. Aug. 9, 2021) (finding no error in denying a compassionate release motion without a reply brief because defendant did not identify any arguments they would have made or how they were otherwise prejudiced).

5239 (codified at 18 U.S.C. § 3582(c)).  The Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move for compassionate release after fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  Extraordinary and compelling reasons include certain medical and family circumstances, serious effects of the aging process, and an unusually long sentence.  U.S.S.G. § 1B1.13(b).

First, Chase argues that the Court should grant compassionate release because of his age.  The Sentencing Commission notes that extraordinary and compelling reasons may exist when a defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. § 1B1.13(b)(2).

Chase is at least 65 years old and has served 12 years of his term of imprisonment.  Chase claims that his congestive heart failure, atrial fibrillation, kidney disease, and legal blindness meet the standard for serious deterioration set forth in § 1B1.13(b)(2)(B).  But

the Court has already noted that Chase's health concerns are not terminal, nor do they diminish his ability for self-care. (Order Den. 1st Mot. Compassionate Release at 3.) Chase has not offered any evidence to suggest that his condition has materially changed such that compassionate release is now warranted. Chase has thus failed to establish sufficient evidence to demonstrate that he is experiencing serious deterioration in physical or mental health because of the aging process as required by U.S.S.G. § 1B1.13(b)(2)(B).

Second, Chase argues that he is entitled to compassionate release because he is serving an unusually long sentence that would have been lower had it been imposed today due to changes in the law. The Sentencing Commission states that, where a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than a non-retroactive amendment to the guidelines manual) may be considered" in determining whether extraordinary and compelling reasons exist, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). Considering Chase's sentence and individualized circumstances, the Court finds that no extraordinary and compelling reasons exist as required to grant a motion for compassionate release.

Chase argues that there has been a change in the law because, while his offense level was enhanced by five points under U.S.S.G. § 2G2.2(b)(3)(B) for using a file-sharing

program, courts have more recently stated that file-sharing programs are now so prevalent as a means to obtain illegal files that the base offense level is appropriate. Chase, however, provides no examples of such cases to support that argument. Furthermore, "[w]hether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis." *United States v. Chase*, 717 F.3d 651, 653 (8th Cir. 2013) (quoting *United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010)). The Court performed an individualized analysis when Chase was sentenced, and the Eighth Circuit affirmed that sentence, explaining that "the government met its burden" to show that the enhancement applied. *Id.* at 654. Chase has not shown a single instance where his perceived change in law has applied and so he has not demonstrated that there would be "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Finally, it has been noted that Chase has exhibited "a lack of remorse and regret" for his actions. *Chase*, 717 F.3d at 653; (Order Denying 1st Mot. Compassionate Release at 5 ("Chase continuously refused to recognize the wrongfulness of his actions, going so far as to say that '[k]ids are sexual.'").) Chase continues to show a lack of remorse or regret for his actions. He simply relies on his age and the fact that he will be living in a senior living facility with "no juveniles" and so "he would not be a danger to society." (2nd Mot. Compassionate Release at 3–4.) But Chase has provided no evidence that he has received treatment or made other progress that would reduce the danger to the

community. After full consideration of Chase's individualized circumstances, there are no extraordinary and compelling reasons to warrant a reduction of Chase's sentence under U.S.S.G. § 1B1.13(b)(6).

In sum, neither Chase's age nor his sentence length warrant compassionate release. Nor would such a reduction be consistent with the relevant § 3553(a) sentencing factors or public policy. The Court will thus deny Chase's Motion for Compassionate Release.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Compassionate Release [Docket No. 196] is **DENIED**.

2. Defendant's Pro Se Motion Requesting Ruling Without Government's Response [Docket No. 207] is **DENIED**.

3. Defendant's Pro Se Motion to Strike [Docket No. 209] is **DENIED**.

DATED: June 2, 2025
at Minneapolis, Minnesota.
United States District Judge

JOHN R. TUNHEIM